UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA A. GODFREY,                          Case No. 10-13610

        Plaintiff,                          Bernard A. Friedman
vs.                                          United States District Judge

COMMISSIONER OF                              Michael Hluchaniuk
SOCIAL SECURITY,                             United States Magistrate Judge

        Defendant.

_____/

## REPORT AND RECOMMENDATION
## CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 7, 9)

## I.     PROCEDURAL HISTORY

### A.     Proceedings in this Court

On September 10, 2010, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Bernard A. Friedman referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability and disability insurance benefits.  (Dkt. 3).  This matter is currently before the Court on cross-motions for summary judgment.  (Dkt. 7, 10).

### B.     Administrative Proceedings

Plaintiff filed the instant claims on January 31, 2006, alleging that she

became unable to work on September 1, 2004. (Dkt. 6, Tr. at 56-61). The claim was initially disapproved by the Commissioner on May 8, 2006. (Dkt. 6, Tr. at 50-54). Plaintiff requested a hearing and on March 11, 2008, plaintiff appeared with counsel before Administrative Law Judge (ALJ) Jerome B. Blum, who considered the case *de novo*. In a decision dated June 26, 2008, the ALJ found that plaintiff was not disabled prior to January 12, 2008, but became disabled on that date (based on her age) and has continued to be disabled through the date of his decision. (Dkt. 6, Tr. at 19-28). Plaintiff requested a review of this decision on August 8, 2008. (Dkt. 6, Tr. at 16-17. The ALJ's decision became the final decision of the Commissioner when the Appeals Council, on July 21, 2010, denied plaintiff's request for review. (Dkt. 6, Tr. at 4-6); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that the Commissioner's motion for summary judgment be **DENIED**, that the findings of the Commissioner be **REVERSED**, and this matter be **REMANDED** for further proceedings under sentence four.

## II.     FACTUAL BACKGROUND

### A.     ALJ Findings

Plaintiff was 55 years of age at the time of the most recent administrative

hearing.  (Dkt. 6, Tr. at 56).  Plaintiff's relevant work history included approximately 16 years as a child care giver.  (Dkt. 6, Tr. at 82).  In denying plaintiff's claims, defendant Commissioner considered severe back pain as a possible bases of disability.  (Dkt. 6, Tr. 73)*.*

The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since September 1, 2004.  (Dkt. 6, Tr. at 25).  At step two, the ALJ found that plaintiff's back pain, bilateral shoulder pain, diabetes mellitus, and obesity were "severe" within the meaning of the second sequential step.  *Id*.  At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations.  *Id.*  At step four, the ALJ found that plaintiff could not perform her previous work as a child care program worker, but could perform a limited range of light work.  (Dkt. 6, Tr. at 27).  At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy.  *Id*.

B.    Plaintiff's Claims of Error

Plaintiff first argues that the ALJ failed to follow the treating physician rule.  Specifically, plaintiff asserts that the ALJ failed to give good reasons for not giving the opinions of plaintiff's treating physicians controlling weight.  Plaintiff argues that the ALJ inappropriately gave more weight to the consulting examiner

opinion, who concluded that Dr. Kovan's opinions were not supported by the medical evidence. According to plaintiff, the "ALJ failed to give good reasons for crediting a non-examiner whose opinion was not independently verified by another source of record." (Dkt. 701, Pg ID 487). Plaintiff argues that the ALJ's purported "good reason" for rejecting Dr. Kovan's opinion (the opinion of an opposing non-examining source) cannot constitute substantial evidence. According to plaintiff, the ALJ failed to articulate any of the factors set forth in 20 C.F.R. § 404.1527(d)(2)-(6) and this alone requires remand. Plaintiff says that Dr. Kovan's opinions were based on his clinical and objective findings, including plaintiff's limited range of motion in the lumbar spine, tenderness of the cervical and lumbar spines, muscle spasms of the lumbar spine, weakness of the lumbar spine, abnormal gait, trigger points at L5-S1 bilaterally, positive straight leg raising, and MRI and EMG findings. Plaintiff theorizes that, in light of this evidence, and because the consulting physician's opinion cannot constitute substantial evidence, Dr. Kovan's opinions *must* be given substantial weight.

Plaintiff also argues that the ALJ erred in failing to give controlling weight to Dr. Walavalkar's opinions, which she says were based on his clinical findings that she had difficulty walking, frequency of urination, hot flashes, fatigue, difficulty thinking/concentrating, general malaise, and psychological problems. Plaintiff says that even if Dr. Walavalkar's opinions were based on plaintiff's

subjective reports, that is an appropriate diagnostic tool.  Plaintiff also finds fault

with the ALJ's reliance on a report that during a single visit with Dr. Walavalkar,

she was "feeling good."

Next, plaintiff says that the ALJ failed to properly assess her credibility.

According to plaintiff, the ALJ's credibility analysis, which merely concluded that

her objective test results did not support the limitations she reported, is far from

sufficient.  Plaintiff finds particular fault with the ALJ's conclusion that she only

had a "bulging" disc and not a herniated disc; plaintiff argues that the ALJ

essentially substituted his medical judgment for those of plaintiff's treating

physicians.  Plaintiff argues that the ALJ failed to analyze any of the factors in

SSR 96-7p and failed to give any good reasons for not fully crediting her

testimony.

C.     Commissioner's Motion for Summary Judgment

The Commissioner argues that substantial evidence supports the ALJ's

finding that plaintiff retained the ability to perform a range of light work.

According to the Commissioner, the ALJ correctly recognized that Dr. Walavalkar

treated plaintiff for diabetes and expressed concern with plaintiff's

non-compliance with treatment, yet his treatment notes do not indicate that

diabetes resulted in any functional limitations.  Plaintiff herself testified to only

two symptoms from her diabetes: blurry vision and dry mouth, but these

Report and Recommendation
Cross-Motions for Summary Judgment
*Godfrey v. Comm'r*; Case No. 10-13610

conditions find no documentation in the medical record and were not the basis on which any medical source precluded plaintiff from performing any work. In fact, in the February 2006 diabetes impairment questionnaire, Dr. Walavalkar noted that plaintiff did not take insulin and had no vascular or neuropathic complications (Tr. 267).

According to the Commissioner, the RFC finding addresses any limitations resulting from plaintiff's severe impairments of bilateral shoulder pain, back pain, and obesity by limiting plaintiff to light work that required only limited bending and twisting. The Commissioner also points out that the ALJ's finding that plaintiff could perform a range of light work is supported by two separate RFC assessments, one conducted in April 2005 (Tr. 161-68), the other a year later in April 2006. (Tr. 169-76). Both consulting physicians indicated that plaintiff could lift up to 20 pounds occasionally and 10 pounds frequently, and stand/walk and sit each for up to six hours in an eight-hour day. (Tr. 162, 170). The Commissioner asserts that these limitations are consistent with the demands of light work.

The Commissioner also argues that plaintiff's treatment history lends additional support to the RFC finding. The ALJ noted plaintiff received conservative treatment that consisted largely of pain medication and injections. (Tr. 26). Such conservative treatment supports the determination that he retained

sufficient functional capacity to work.  *See Ashworth v. Sullivan*, 1991 WL

278961 at *7 (6th Cir. 1991).  And, as the ALJ noted, plaintiff responded to that

treatment.  In December 2003, plaintiff reported that her pain improved after

receiving an injection and manipulation, and in May 2004, she reported that her

hip pain improved.  (Tr. 26).  According to the Commissioner, other record

evidence also supports the ALJ's observations.  Dr. Kovan noted on May 2, 2006,

that plaintiff was starting to exercise on her own and was walking over a block a

day, which was better than she had done before.  (Tr. 369).  Straight leg testing,

which had been positive for back pain before, was at this visit negative.  (Tr. 369).

Dr. Walavalkar noted in July the same year that plaintiff was feeling good overall

and denied any complaints; he did not note any guarding or tenderness.  (Tr. 285).

On October 16, 2006, Dr. Kovan noted that the range of motion of plaintiff's

lumbosacral spine had improved.  (Tr. 365).  Plaintiff was also able to use less

medication to address her pain. On September 19, 2006, Dr. Kovan noted that

plaintiff was taking only Vicodin for pain relief.  (Tr. 368).  A year later, on

September 27, 2007, he expressed pleasure that plaintiff was only taking

one drug for pain management; he further indicated plaintiff would continue with

her exercises and attempt to do some work.  (Tr. 396).  The Commissioner asserts

that this evidence corroborates the opinions of the physicians who conducted the

RFC assessments and, together with those assessments, provides substantial

evidence that supports the ALJ's decision.

The Commissioner recognizes that if the ALJ accepted Drs. Kovan's and Walavalkar's opinions, they supported a finding that plaintiff could not perform even sedentary work. (Tr. 26). But, the Commissioner asserts that as to their opinions regarding plaintiff's exertional and postural limitations, the ALJ complied with the treating physician rule by giving good reasons for according them less weight than the RFC assessments conducted for the state disability determination services. Specifically, in keeping with the regulations, the ALJ explained that these opinions were not consistent with the medical record evidence. For example, in explaining why he rejected Dr. Kovan's opinion that plaintiff could lift no more than five pounds and sit no more than two hours, the ALJ noted that Dr. Kovan repeatedly stated that Plaintiff had disc herniation and radiculopathy. (Tr. 26). Yet as the ALJ explained, an MRI study revealed disc bulging but no herniation. (Tr. 26, 336). Dr. Kovan himself noted that the MRI did not reveal any radicular symptomotology. (Tr. 390). And as the ALJ also noted, an EMG study explicitly excluded radiculopathy. (Tr. 26, 363). The ALJ also explained that Dr. Kovan's opinions ignored the progress plaintiff made as documented in treatment records. (Tr. 26). The Commissioner asserts that the ALJ similarly gave good reasons for rejecting Dr. Walavakar's opinion of plaintiff's functional limitations. As the ALJ noted, while Dr. Walavakar

prescribed pain medication for plaintiff, he primarily treated her diabetes. (Tr. 26). The record makes clear that Dr. Kovan provided primary treatment for plaintiff's shoulder and back pain. The ALJ accurately noted that the record does not indicate that Dr. Walavalkar ever thoroughly examined plaintiff's back. (Tr. 26). And, the record contains no medical evidence that plaintiff's diabetes created any significant functional limitation. Thus, the Commissioner argues that the ALJ gave a good basis for his conclusion that Dr. Walkavar's limited treatment of plaintiff's pain did not support the significant functional limitations set forth in the form he completed. While Dr. Walavakar conducted few examinations of plaintiff to address her pain complaints, and in July 2006, he noted that plaintiff reported she was feeling good and not taking Vicodin. (Tr. 26, 285).

The Commissioner urges the Court to reject plaintiff's argument that the ALJ should not have given greater weight to the reviewing physicians who performed the RFC assessments because the Sixth Circuit has "downplayed the value of non-examining sources." Plaintiff cites several cases in support of her assertion, most dating to the 1980s or early 1990s. At best, according to the Commissioner, plaintiff's citations give an incomplete picture of the state of the law. The Agency's own regulations provide that the opinions of such non-examining sources may trump those of a treating of examining physician. SSR 96-6p.

According to the Commissioner, the ALJ also discounted Drs. Kovan's and Walavalkar's opinions because they relied too heavily on plaintiff's subjective complaints.  (Tr. 26-27).  Plaintiff claims this is an improper ground on which to question the opinions because the ALJ failed to properly assess her credibility.  In particular, she argues that the ALJ lacked the expertise to determine that medical testing, such as the MRI and EMG studies, contradicted her allegations.  She also claims that the ALJ failed to give any other good reason to support his credibility determination, and she claims her testimony was uncontradicted. While Plaintiff claims the ALJ lacked the expertise to weigh such medical record evidence as the EMG and MRI results against her claims, according to the Commissioner, the regulations require the ALJ to evaluate this very evidence.  SSR 96-7p.  The Commissioner also says that plaintiff is flatly wrong when she asserts that the ALJ relied exclusively on his lay judgment when making this determination.  Rather, the ALJ relied on the opinions of the physician who conducted the 2006 RFC assessment, who found both that the medical source statements in the record were not supported by the medical evidence and that plaintiff was only partially credible.  (Tr. 174-75).  In explaining why he believed plaintiff was only partially credible, the physician explained, "The medical evidence does not entire [sic] support the extent of clmt's limitations and symptoms." (Tr. 174).  The Commissioner also asserts that the ALJ gave other good reasons to support his

Report and Recommendation
Cross-Motions for Summary Judgment
*Godfrey v. Comm'r*; Case No. 10-13610

credibility finding.  The ALJ repeatedly noted the conservative nature of plaintiff's treatment, suggesting a mis-match between that treatment and the severity of her claimed symptoms and limitations.  The regulations provide for the consideration of this very evidence.  See 20 C.F.R. § 404.1529(c)(1); SSR-96-7p, 1996 WL 374186, at *3.  And the ALJ also noted plaintiff's history of noncompliance with treatment.  While financial constraints may have hindered plaintiff in following up on some treatment recommendations, it does not explain her repeated failure to follow her diabetes treatment regime, including diet.  This too is a proper basis for finding a claimant not wholly credible. "[T]he individual's statements may be less credible if . . . the medical reports or records show that the individual is not following the treatment as prescribed and there is no good reason for this failure." SSR 96-7p, 1996 WL 374186, at *7.  For these reasons, the Commissioner asserts that the ALJ's credibility determination should not be disturbed.

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious.  *Sullivan v. Zebley*, 493 U.S. 521 (1990).  The administrative process itself is multifaceted in that a state agency makes an initial

determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502

F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence.").  "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting, Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027,

1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

B.   Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003).

There are several benefits programs under the Act, including the Disability

Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq*.) and the

Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381

*et seq*.).  Title II benefits are available to qualifying wage earners who become

disabled prior to the expiration of their insured status; Title XVI benefits are

available to poverty stricken adults and children who become disabled.  F. Bloch,

Federal Disability Law and Practice § 1.1 (1984).  While the two programs have

different eligibility requirements, "DIB and SSI are available only for those who

have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R.

§ 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in
> substantial gainful activity, benefits are denied without
> further analysis.

> Step Two:  If the claimant does not have a severe

impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.

Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.

Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates."  *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work."  *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step

without a finding that the claimant is not disabled, the burden transfers to the
Commissioner.  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).
At the fifth step, the Commissioner is required to show that "other jobs in
significant numbers exist in the national economy that [claimant] could perform
given [his] RFC and considering relevant vocational factors."  *Rogers*, 486 F.3d at
241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

   If the Commissioner's decision is supported by substantial evidence, the
decision must be affirmed even if the court would have decided the matter
differently and even where substantial evidence supports the opposite conclusion.
*McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where
substantial evidence supports the ALJ's decision, it must be upheld.

   C.   <u>Analysis and Conclusion</u>

      1.   Treating physician evidence

   In weighing the opinions and medical evidence, the ALJ must consider
relevant factors such as the length, nature and extent of the treating relationship,
the frequency of examination, the medical specialty of the treating physician, the
opinion's evidentiary support, and its consistency with the record as a whole.  20
C.F.R. § 404.1527(d)(2)-(6).  Therefore, a medical opinion of an examining source
is entitled to more weight than a non-examining source and a treating physician's
opinion is entitled to more weight than a consultative physician who only

examined the claimant one time.  20 C.F.R. § 404.1527(d)(1)-(2).  A decision

denying benefits "must contain specific reasons for the weight given to the

treating source's medical opinion, supported by the evidence in the case record,

and must be sufficiently specific to make clear to any subsequent reviewers the

weight the adjudicator gave to the treating source's opinion and the reasons for

that weight."  Soc.Sec.R. 96-2p, 1996 WL 374188, *5 (1996).  The opinion of a

treating physician should be given controlling weight if it is "well-supported by

medically acceptable clinical and laboratory diagnostic techniques" and is "not

inconsistent with the other substantial evidence in [the] case record."  *Wilson*, 378

F.3d at 544; 20 C.F.R. § 404.1527(d)(2).  A physician qualifies as a treating source

if the claimant sees her "with a frequency consistent with accepted medical

practice for the type of treatment and/or evaluation required for [the] medical

condition."  20 C.F.R. § 404.1502.  "Although the ALJ is not bound by a treating

physician's opinion, 'he must set forth the reasons for rejecting the opinion in his

decision.'"  *Dent v. Astrue*, 2008 WL 822078, *16 (W.D. Tenn. 2008) (citation

omitted).  "Claimants are entitled to receive good reasons for the weight accorded

their treating sources independent of their substantive right to receive disability

benefits."  *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007).  "The

opinion of a non-examining physician, on the other hand, 'is entitled to little

weight if it is contrary to the opinion of the claimant's treating physician.'"

*Adams v. Massanari*, 55 Fed.Appx. 279, 284 (6th Cir. 2003). Courts have remanded the Commissioner's decisions when they have failed to articulate "good reasons" for not crediting the opinion of a treating source, as § 1527(d)(2) requires. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2000), citing, *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.").

An "ALJ may not substitute his own medical judgment for that of the treating physician where the opinion of the treating physician is supported by the medical evidence." *Meece v. Barnhart*, 192 Fed.Appx. 456, 465 (6th Cir. 2006), citing, *McCain v. Dir.*, *Office of Workers Comp. Programs*, 58 Fed.Appx. 184, 193 (6th Cir. 2003) (citation omitted); *see also Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("But judges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor.").

In this case, when evaluating the treating physician evidence, the ALJ did not consider all of the factors 20 C.F.R. § 404.1527(d)(2)-(6). As set forth above, in weighing the opinions and medical evidence, the ALJ must consider relevant

factors such as the length, nature and extent of the treating relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's evidentiary support, and its consistency with the record as a whole. While the ALJ considered the evidentiary support for the opinions, he did not expressly consider the other factors.  In addition, the ALJ relied on the conservative nature of the treatment plaintiff received, but did not discuss that surgery had been recommended, but was not available because of her lack of insurance.

Further, the ALJ made much of the lack of MRI and objective evidence of disc herniation versus bulging, but did not address the fact that plaintiff had not had an MRI since 2003 or other test that would show definitive radiculopathy since 2004 and Dr. Kovan's functionality opinions were given in 2007.  Since the ALJ concluded that plaintiff was not disabled through 2008, he should have more carefully considered whether any clinical or opinion evidence showed signs of herniation or radiculopathy.  In this vein, when evaluating the opinions of plaintiff's treating physicians, the ALJ should have at least considered contacting the treating source for clarification:

> Because treating source evidence (including opinion
> evidence) is important, if the evidence does not support a
> treating source's opinion on any issue reserved to the
> Commissioner and the adjudicator cannot ascertain the
> basis of the opinion from the case record, the adjudicator

> must make "every reasonable effort" to recontact the
> source for clarification of the reasons for the opinion.

SSR 96-5p, 1996 WL 374183, *6; *see also* 20 C.F.R. § 404.1512(e); *Sims v. Apfel*,

530 U.S. 103, 110-111 (2000) (The ALJ has a duty to investigate the facts and

develop the arguments both for and against granting benefits.).  Here, because

plaintiff could not have the objective medical tests in the four year period at issue

because of lack of medical insurance, Dr. Kovan in particular may have based his

opinions on other clinical signs and examinations.  Under these circumstances, the

ALJ should have considered re-contacting Dr. Kovan for clarification of the bases

of his opinions rendered four years after the only MRI and three years after the

only EMG, on which the ALJ so heavily relied for his conclusions.

> 2.    RFC and Credibility

The ALJ, in commenting on plaintiff's credibility as it relates to pain

symptoms, must follow the requirements of, among other provisions, 20 C.F.R.

§ 404.1529 as well as SSR 96-7p, which provides, in part:

> In recognition of the fact that an individual's symptoms
> can sometimes suggest a greater level of severity of
> impairment than can be shown by the objective medical
> evidence alone, 20 CFR 404.1529(c) and 416.929(c)
> describe the kinds of evidence, including the factors
> below, that the adjudicator must consider in addition to
> the objective medical evidence when assessing the
> credibility of an individual's statements:
>
> 1. The individual's daily activities;

2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;

3. Factors that precipitate and aggravate the symptoms;

4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

The ALJ did not explain why he did not take these factors into account in assessing plaintiff's credibility and impairments. Rather, the ALJ's credibility assessment seemed almost entirely focused on the perceived defects in the medical evidence. (Tr. 26-27). The credibility assessment is simply incomplete. Further, given that it is simply impossible for the ALJ to re-evaluate the treating physician evidence and consultative opinions without evaluating plaintiff's pain and other credibility issues, the undersigned concludes that plaintiff's credibility must be re-assessed as well.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that the Commissioner's motion for summary judgment be **DENIED**, that the findings of the Commissioner be **REVERSED** and this matter be **REMANDED** for further proceedings under sentence four.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 12, 2011

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on August 12, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Eddy Pierre Pierre, Mark J. Shefman, Judith E. Levy, AUSA, and the Commissioner of Social Security.

s/Darlene Chubb
Judicial Assistant
(810) 341-7850
darlene_chubb@mied.uscourts.gov

Report and Recommendation
Cross-Motions for Summary Judgment
*Godfrey v. Comm'r*; Case No. 10-13610